**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

STEVEN CLAYTOR, individually and on behalf of all others similarly situated,

Plaintiff,

v. Case No: 5:14-cv-411-Oc-30PRL

THE MOJO GRILL AND CATERING CO OF BELLEVIEW, LLC, CABANA'S CATERING, LLC, and RONDO FERNANDEZ, in his individual capacity,

Defendants.
___________________________________/

# ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Set Aside Entry of Default and Default Judgment (Doc. 24) and Plaintiff's response in opposition thereto (Doc. 28). The Court, having reviewed the motion and response and having held a hearing on this matter on April 6, 2015, concludes that Defendants' motion should be denied.

## BACKGROUND

Plaintiff initiated this action against Defendants alleging a claim for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 207, 216(b). (Doc. 1). Defendants were served with the complaint on July 31, 2014. (Docs. 3-5). After Defendants failed to respond, Plaintiff moved for entry of default against Defendants pursuant to Federal Rule of Civil Procedure 55(a), and default was entered against

Defendants on September 11, 2014. (Docs. 6, 7). Plaintiff then moved for final default judgment against Defendants, which the Court granted. (Docs. 8, 10). A final default judgment was entered against Defendants on October 28, 2014, in the amount of $16,957.50. (Doc. 11). Plaintiff mailed a copy of each motion and the default final judgment to Defendants at their registered address.

After default final judgment was entered, Plaintiff sought writs of garnishment against Defendants' accounts at Bank of America and Regions Bank, which the Court granted. (Docs. 12, 13). The writs were issued on February 9, 2015. (Docs. 14, 15).

On March 10, 2015, Defendants filed the present motion seeking to set aside the entry of default and final default judgment. (Doc. 24). Defendant Rondo Fernandez explained that he received the summons and complaint and instructed the Chief Financial Officer ("CFO") and Chief Operating Officer ("COO") of the Mojo Grill and Catering Co. of Belleview, LLC and Cabana's Catering, LLC, to retain an attorney to respond to the complaint on behalf of all three defendants.[1] (*Id.*, Ex. A). However, unbeknownst to Mr. Fernandez, the CFO and COO failed to act as instructed, and he did not become aware of the status of the case until the writs of garnishment were entered against Defendants' accounts. (*Id.*).

Mr. Fernandez asserts that he did not receive copies of Plaintiff's motions or the copy of the final default judgment sent by Plaintiff to the address of the registered agent

[1]Toby Fernandez is the registered agent for The Mojo Grill and Catering Co. of Belleview, LLC and Cabana's Catering, LLC, and she avers that Mr. Fernandez received copies of the summonses and complaints for all three defendants. (Doc. 24, Ex. A).

because Defendants' corporate headquarters changed locations during the pendency of this action. Defendants assert that their failure to respond to Plaintiff's claims was due to "corporate confusion," and they now request that the Court set aside the entry of default and default judgment entered against Defendants on the basis of mistake, inadvertence, surprise, or excusable neglect. (*Id.* at 2).

**DISCUSSION**

Generally, "defaults are seen with disfavor because of the strong policy of determining cases on their merits." *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993); *accord In re Worldwide Web Sys., Inc. v. Feltman*, 328 F.3d 1291, 1295 (11th Cir. 2003). Under Federal Rule of Civil Procedure 55(c), a "court may set aside an entry of default for good cause, and it may set aside a default judgment under [Federal Rule of Civil Procedure] 60(b)." The standard for setting aside an entry of default differs from the standard for setting aside a default judgment. Namely, the "good cause" standard for setting aside an entry of default judgment is less rigorous than the "excusable neglect" standard for setting aside a default judgment. *See EEOC v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990) ("The importance of distinguishing between an entry of default and a default judgment lies in the standard to be applied in determining whether or not to set aside the default."). Because final default judgment has been entered against Defendants, the Court must apply the excusable neglect standard of Rule 60(b).

Pursuant to Rule 60(b), "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1). To qualify for relief under Rule 60(b)(1), Defendants

must establish (1) a meritorious defense, (2) a lack of prejudice to the non-defaulting party, and (3) a good reason for the default. *In re Worldwide Web Sys., Inc.*, 328 F.3d at 1295. Moreover, "[t]he determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007). Thus, in determining whether excusable neglect exists, a court may also employ a four-factor balancing test, which includes weighing (1) "the danger of prejudice to the [opposing party]," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Defendants have established a meritorious defense to Plaintiff's complaint (Doc. 24, Ex. B), which Plaintiff does not contest, and the record does not reflect that granting Defendants' request to set aside the default judgment would be overly prejudicial to Plaintiff. Defendants allege that they failed to respond to Plaintiff's complaint due to the negligence of the employees charged with responding to the complaint. According to Defendants, they did not become aware of their default until writs of garnishment burdened their accounts to satisfy the default judgment. Defendants' motion to set aside the default judgment was filed almost seven and a half months after Plaintiff served Defendants with the complaint and approximately one month after Defendants supposedly became aware of the action. Although a delay of this magnitude is not condoned by the Court, because this

case remains in its infancy, the delay is not significantly prejudicial to Plaintiff in pursuing his claims against Defendant, nor has it significantly impacted the judicial process.

While Defendants' delay was not overly prejudicial to the parties or to the judicial process, a factor to which the Court accords substantial weight in accordance with *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996), Defendants have failed to show that the delay was caused by acts or omissions outside their reasonable control. *See In re Worldwide Web Sys., Inc.*, 328 F.3d at 1297 (recognizing that "[w]hile the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration are of "primary importance," the . . . determination of excusable neglect is an equitable one that necessarily involves consideration of all three elements—a meritorious defense, prejudice, and a good reason for not responding to the complaint"). Stated differently, the Court concludes that Defendants failed to act with diligence to ensure that their interests in this litigation were being protected and therefore they have failed to present a good reason for the default.

First, Plaintiff rightfully highlights that this case does not represent the first occasion on which Defendants failed to respond to Plaintiff's claims. (Doc. 28 at 2). Plaintiff previously filed this same action against Defendants on November 11, 2013, in *Claytor v. Mojo Grill & Catering Co. of Belleview, LLC*, No. 5:13-cv-568-Oc-22PRL (M.D. Fla. 2013). As in the present case, a clerk's entry of default was obtained against Defendants because they failed to respond to Plaintiff's complaint. *See id.* (Docs. 11, 12, 15). Plaintiff's previous action was dismissed without prejudice, however, for his failure to comply with Local Rule 1.07. *See id.* (Doc. 16). Defendants' explanation for their delay

in the present action fails to resolve their failure to respond to Plaintiff's claims on more than one occasion and indicates that Defendants' failure to respond may be attributable to more than a one-time oversight and is more likely the result of, at best, inadequate procedural safeguards, and, at worst, culpable disregard for judicial proceedings.

Second, Plaintiff's motion for entry of a clerk's default against Defendants reflects that the motion was mailed to the Mojo Grill and Catering Co. of Belleview, LLC, and Cabana's Catering, LLC at the address for their registered agent. (Docs. 6, 28). Likewise, Plaintiff's motion for final default judgment reflects mailing to all three defendants. (Docs. 8, 28). Plaintiff also asserted that he mailed a copy of the final default judgment to Defendants.

Defendants contend that they did not receive copies of Plaintiff's motions because their corporate headquarters changed locations during the pendency of this action. However, Defendants offer no account of the fate of the mail delivered to their previous address. It appears that Defendants would have the Court believe that the post office would simply continue to deliver mail to an address where it was clear the mail was not being collected. And, even if the Court accepted Defendants' explanation that the mail was being left at the previous address, Defendants nevertheless had a duty to provide a forwarding address and to update the address of their registered agent with the State of Florida.

Finally, Defendants have failed to establish that they had any procedural safeguards in place or acted diligently in protecting their interests. Defendants failed to respond, not once, but twice to Plaintiff's claims. Defendants did not assert that they took any actions to apprise themselves of the status of the case or to monitor its progress. Additionally,

Defendants' explanation regarding their failure to receive Plaintiff's motions or a copy of the final default judgment demonstrates further negligence on behalf of Defendants in diligently protecting their interests. This conduct, or lack thereof, demonstrates more than mere negligence and rises to the level of culpable behavior. *See SEC v. Simmons*, 241 F. App'x 660, 664 (11th Cir. 2007) (recognizing that "a party has a duty to monitor the progress of his case"); *Sloss Indus. Corp.*, 488 F.3d at 935 (noting that the Eleventh Circuit has "consistently held that where internal procedural safeguards are missing, a defendant does not have a 'good reason' for failing to respond to a complaint").

If not for Defendants' systemized negligence, the Court would be inclined to set aside the default judgment in the interest of resolving this case on the merits. Although the record does not demonstrate substantial prejudice to either the parties or to efficient judicial administration, this lack of prejudice does not reconcile Defendants' failure to proffer a sufficient explanation for their failure to protect their interests in this case. *See Nat'l R.R. Passenger Corp. v. Patco Transp., Inc.*, 128 F. App'x 93, 95 (11th Cir. 2005) (upholding a district court's finding that a failure to employ minimum procedural safeguards for responding to a complaint did not constitute excusable neglect).

**CONCLUSION**

In light of Defendants' failure to adequately monitor the progress of this action or to provide a satisfactory explanation for such failure, the Court concludes, after considering the totality of the circumstances, that Defendants have not established excusable neglect for their default and their motion should be denied.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Set Aside Entry of Default and Default Judgment (Doc. 24) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 7th day of April, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record